**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| **LISA McFARLANE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 3:23-cv-00630** |
| ) | **Judge Aleta A. Trauger** |
| **WESTERN EXPRESS, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM

Before the court is defendant Western Express, Inc.'s Rule 12(b)(6) Motion to Dismiss for

Failure to State a Claim. (Doc. No. 7.) For the reasons set forth herein, the motion will be denied.

## I.        BACKGROUND

Plaintiff Lisa McFarlane initiated this action by filing a Complaint in the Circuit Court for

Davidson County, Tennessee, asserting claims against Western Express under the Tennessee

Human Rights Act ("THRA") for sexual discrimination, hostile work environment, and retaliatory

discharge, as well as a common law claim for breach of contract. (Doc. No. 1-2.) Because the

plaintiff is a resident of Pennsylvania and seeks damages well in excess of $75,000, Western

Express promptly removed the case to federal court on the basis of diversity jurisdiction. (Doc.

No. 1.)

The plaintiff, as relevant here, alleges both that she was "employed" by Western Express

and that she was "employed as a contract Driver." (Doc. No. 1-2, at 1; *id.* ¶¶ 8, 44.) She references

the Independent Contractor Operating Agreement as "Exhibit 1" to the Complaint (*id.* ¶¶ 8, 44),

but this Contract was not attached to the version of the Complaint filed in this court by the

defendant upon removal.[1] She references a dispatch manager as her supervisor and states that Western Express assigned her two trainees around March 13, 2023, with instructions that she train them and observe their performance. (*Id.* ¶¶ 13, 14.)

Among other things, the plaintiff alleges that she was subjected to unwanted sexual advances and misconduct by one of the trainees while on a long-haul trip for Western Express. Although she contemporaneously reported this conduct to her dispatch manager, he failed to address the situation. McFarlane made a full report of the trainee's inappropriate conduct upon arriving back at Western Express's terminal. She was terminated within a few weeks after reporting the trainee's sexual misconduct. She alleges that this termination was in retaliation for having reported sexual harassment. Following her termination, Western Express continued to remove funds from her lease escrow and withheld other funds she believes are due to her.

In lieu of answering the Complaint, Western Express filed its Motion to Dismiss, seeking dismissal of the plaintiff's THRA claims. Western Express argues that: (1) the THRA should be construed consistently with Title VII; (2) independent contractors are not protected by Title VII or, consequently, by the THRA; and (3) McFarlane was not an employee of Western Express and was, instead, an independent contractor, as established by her reference to the Independent Contractor Operating Agreement, and, as such, she is not entitled to the protections afforded by the THRA. Western Express also references and relies upon additional documents that were not attached to the Complaint or referenced therein, including an Independent Contractor Insurance Requirement Addendum, an IRS Form W-9 allegedly executed by McFarlane, and a 1099 form

---

[1] The plaintiff references other contracts as also attached to her Complaint, including a Training Services Agreement and a Lease with Option to Purchase. (*Id.* ¶¶ 9, 11.) It is unclear whether the plaintiff failed to attach these documents to her Complaint or whether the defendant failed to include them with its removal documents.

she received from Western Express for tax year 2022. (*See* Doc. No. 7, at 3.) The defendant asserts that, "[b]ased on this information, the majority of which is admitted in McFarlane's pleading, it is clear that McFarlane was not an employee of Western [Express]." (*Id.* at 4.).

In response, the plaintiff argues that dismissal is not appropriate, first because the THRA protects "persons" and "individuals," rather than merely employees, from retaliation. (Doc. No. 8, at 2.) She also argues, however, that Western Express was her employer under the THRA, citing the criteria for determining whether an individual is an employee or an independent contractor (or subcontractor) listed in Tenn. Code Ann. § 50-6-102(10)(D)(i). (Doc. No. 8, at 3.) She asserts that Western Express had "excusive control over the loads offered to [her], and the trainees she was provided to assess," that it "clearly had the right to terminate her employment" and "exercised that right," that it "dictated the method of payment, how payments for loads procured by and contracted for carriage by Western [Express]" were remitted to her, dictated where she was to drive, what to pick up, when to be there, and where to deliver the load, and she was not authorized to use the truck she leased from Western Express to haul loads for other carriers. (*Id.* at 3–4.)

She does not cross-reference the Complaint in support of these allegations, but the Complaint itself includes allegations suggesting that her employment was supervised by a training manager, dispatch manager, and a safety manager and that her contact for purposes of her sexual harassment claims was an HR Representative. (Compl. at 2.) She alleges that the Nashville facility in which Western Express is based includes "management, payroll, dispatch, and HR functions" (*id.* ¶ 6), that she was assigned to work with trainees, and that both she and the trainees were subject to directives issued by "dispatch." (*Id.* ¶¶ 17–19.) She was directed by dispatch to report her concerns of sexual harassment to "someone in HR" and also to write up a report for the training manager. (*Id.* ¶¶ 24–25.)

The defendant filed a Reply in which it objects that the plaintiff makes "numerous allegations unsupported by the pleadings or any exhibits attached thereto," and that such allegations are not true. (Doc. No. 8, at 1–2.) It also contends that the plaintiff is simply incorrect, insofar as she argues that the THRA's protections extend to independent contractors who are not employees, and that her reference to the definition of "employee" contained in a section of the Tennessee Code related to Worker's Compensation is not relevant.

## II.    LEGAL STANDARD

In ruling on a motion to dismiss under Rule 12(b)(6), the court must "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff." *Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016). Federal Rule of Civil Procedure 8(a)(2) requires only that a complaint contain "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). However, "[t]he factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, *i.e.*, more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

When presented with a Rule 12(b)(6) motion, the court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)). On the other hand, if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).

### III.    ANALYSIS

#### A.    The THRA Protects *Employees*

The THRA prohibits discrimination by an "employer" based upon sex, among other protected characteristics, Tenn. Code Ann. § 4-21-401(a)(1), and prohibits retaliation against a person who opposes a practice declared discriminatory by the THRA. Tenn. Code Ann. § 4-21-301(a)(1). The statute unhelpfully defines the term "employer" as including "the state, or any political or civil subdivision thereof, and persons employing eight (8) or more persons within the state, or any person acting as an agent of an employer, directly or indirectly." Tenn. Code Ann. § 4-21-102(5). It does not define the term "employee."

The Tennessee Supreme Court, however, has made it clear that the THRA only applies in the *employment* context, requiring an employee-employer relationship in order for the THRA to provide relief. *See Bredesen v. Tenn. Judicial Selection Comm'n*, 214 S.W.3d 419, 430 (Tenn. 2007) ("We begin by emphasizing that the question in this case is . . . whether a nominee or applicant to fill a judicial vacancy is an 'employee' *for purposes of the THRA*." (emphasis in original)); *accord Walton v. Interstate Warehousing, Inc.*, No. 3:17-cv-1324, 2020 WL 1640440, at *4, *5–6 (M.D. Tenn. Apr. 2, 2020) (Richardson, J.) (holding that the plaintiff's THRA discrimination and retaliation claims failed because it was undisputed that she was an independent contractor rather than an employee); *Adair v. Hunter*, 236 F. Supp. 3d 1034, 1047 (E.D. Tenn. 2017) ("[I]t is clear that the Supreme Court of Tennessee . . . requires that there be an employer-employee relationship in order for the THRA to provide the relief Plaintiffs seek." (citing *Bredesen*)).

The court therefore finds, as a matter of law, that, if the plaintiff was an independent contractor rather than an employee, her claims under the THRA will be subject to dismissal. That conclusion, however, is not dispositive of the defendant's Motion to Dismiss.

**B.      The Question of Whether the Plaintiff Was an Employee Cannot Be Resolved on the Motion to Dismiss**

In *Bredesen*, after concluding that the THRA requires an employment relationship, the Tennessee Supreme Court went on to determine whether the plaintiffs were "employees" by applying Title VII jurisprudence, under which "the question of whether an individual is an employee . . . is resolved by applying common law principles of agency." *Bredesen*, 214 S.W.3d at 430–31 (citing *Shah v. Deaconess Hosp.*, 355 F.3d 496, 499 (6th Cir. 2004) ("As a general rule, the federal employment discrimination statutes protect employees, but not independent contractors. . . . [W]e apply the common law agency test to determine whether a hired party is an independent contractor or an employee"); *O'Connor v. Davis*, 126 F.3d 112, 115 (2d Cir. 1997) ("[I]t is well established that when Congress uses the term 'employee' without defining it with precision, courts should presume that Congress had in mind 'the conventional master-servant relationship as understood by the common-law agency doctrine.'").

As *Bredesen* recognized, the United States Supreme Court has summarized the relevant common-law agency test as follows:

> In determining whether a hired party is an employee under the general common law of agency, we consider the hiring party's right to control the manner and means by which the product is accomplished. Among the other factors relevant to this inquiry are the skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party. . . . No one of these factors is determinative.

*Id.* (quoting *Cmty. for Creative Non-Violence v. Reid*, 490 U.S. 730, 751–52 (1989), and citing *Galloway v. Memphis Drum Serv.*, 822 S.W.2d 584, 586 (Tenn. 1991) (which *Bredesen* characterized as stating "comparable factors for determining whether a work relationship is that of

employer-employee or independent contractor for purposes of workers' compensation statutes")).[2]

The Sixth Circuit has further recognized that analysis of the common-law factors is "a mixed question of law and fact," and whether an individual qualifies as an employee is normally determined by the court. *Lilley v. BTM Corp.*, 958 F.2d 746, 750 n.1 (6th Cir. 1992). Courts ordinarily look first to the terms of any express agreement between the parties, but such agreements, while "certainly relevant" to the parties' intentions, are not necessarily dispositive. *Wheatley v. W. Cent. Mich. Emp. & Training Consortium, Inc.*, 341 F. Supp. 3d 753, 764 (W.D. Mich. 2018) (citing *Janette v. Am. Fidelity Grp., Ltd.*, 298 F. App'x 467, 471 (6th Cir. 2008); *Weary v. Cochran*, 377 F.3d 522, 525 (6th Cir. 2004)). After considering the contract, the court considers the common-law agency test. *Id.*

In the present case, the plaintiff alleges both that she was employed by Western Express and that her employment was subject to the terms of a contract, but the relevant contract was not actually filed with the Complaint, at least in this court. Moreover, even accepting the existence of a contract, the plaintiff's allegations nonetheless give rise to a reasonable inference that Western Express largely controlled the manner and means by which she performed her duties for Western Express, provided her the instrumentalities and tools for performing her job (albeit through yet another contract), dictated where and when she should show up to work and other terms of her engagement, and had discretion over the method of payment, among other things. At this point in the proceedings, therefore, the court accepts as true the plaintiff's allegation that she was an employee of Western Express, for purposes of her THRA claims. Consequently, the defendant is

---

[2] In other words, the Tennessee Supreme Court effectively acknowledged that the factors articulated in the Worker's Compensation statute cited by the plaintiff are very similar to those factors recognized by federal and state courts as relevant to the question of whether an individual qualifies as an employee for purposes of Title VII or the THRA.

not entitled to dismissal of the THRA claims.

To be clear, the court declines to convert the present motion into a Rule 56 summary judgment motion and, therefore, has not considered the matters outside the pleadings presented by the defendant, nor does the court accept as true the unsupported allegations the plaintiff makes in her Response to the Motion to Dismiss. However, at the initial case management conference, which will be reset in the Order accompanying this Memorandum, the parties should be prepared to discuss whether an expedited summary judgment motion to address the question of the plaintiff's status as an employee or independent contractor would be appropriate in this case.

## IV.    CONCLUSION

For the reasons set forth herein, the defendant's Motion to Dismiss for Failure to State a Claim (Doc. No. 7) will be denied. An appropriate Order is filed herewith.

_____
ALETA A. TRAUGER
United States District Judge